SIGNED this 10th day of November, 2016

Nicholas W. Whittenburg
UNITED STATES BANKRUPTCY JUDGE

_____

## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Virgil Duane Parker | ) | No. 1:16-bk-10539-NWW |
| | ) | Chapter 12 |
| Debtor | ) | |

## M E M O R A N D U M

This case is before the court on the motion to dismiss pursuant to 11 U.S.C.

§ 1208(b) filed by the debtor on August 18, 2016. Also pending are a motion to dismiss

pursuant to § 1208(c) filed by the United States trustee on August 30, 2016, and a mo-

tion to convert this case to chapter 7 pursuant to § 1208(d) filed by the debtor's former

spouse, Jill St. John, on April 18, 2016. The U.S. trustee's motion also seeks a four-year

bar to refiling pursuant to § 349(a),[1] which the debtor does not oppose. Ms. St. John

---

[1] Section 349(a) provides that "the dismissal of a case under this title does not
. . . prejudice the debtor with regard to the filing of a subsequent petition under this title,
except as provided in section 109(g) of this title." However, the statute does authorize
(continued...)

and the chapter 12 trustee each oppose the debtor's motion to dismiss. The United

States trustee generally agrees with Ms. St. John's and the chapter 12 trustee's position

that the debtor does not have a right to dismiss a previously unconverted chapter 12

case when there is a pending motion to convert filed under § 1208(d). However, be-

cause the debtor has agreed that his voluntary dismissal under § 1208(b) may be with

prejudice, the United States trustee considers his motion resolved and does not oppose

the dismissal of the chapter 12 case.

The question squarely presented is whether a chapter 12 debtor has an absolute

right to dismiss his previously unconverted case while an opposing motion to convert

the case to a chapter 7 liquidation case is pending. For the reasons set forth below, the

court answers this question in the affirmative. The court will grant the debtor's motion,

rendering moot the United States trustee's motion to dismiss and Ms. St. John's motion

to convert. Pursuant to 11 U.S.C. §§ 105(a) and 349(a), the dismissal will be with pre-

judice to the filing of another voluntary petition for relief under Title 11 of the United

States Code for a period of four years from the date of the entry of the order dismissing

this case. Because the debtor has consented to a four-year bar on refiling, an eviden-

tiary hearing on the issue is unnecessary. Further, notwithstanding the dismissal of this

case, the court will, pursuant to 11 U.S.C. § 105(a), retain jurisdiction to enforce its prior

---

[1] (...continued)
the court to order otherwise for cause. Thus, under that provision and § 105(a) of the
Bankruptcy Code, a bankruptcy court may dismiss a case with prejudice when the debt-
or is guilty of egregious bad faith or abuse of the bankruptcy system. *E.g.*, *Casse v. Key
Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 334-41 (2d Cir. 1999); *Leavitt v. Soto (In
re Leavitt)*, 171 F.3d 1219, 1223-24 (9th Cir. 1999); *In re Bibbins*, No. 05-13433 (Bankr.
E.D. Tenn. Aug. 5, 2005); *In re Glenn*, 288 B.R. 516, 520 (Bankr. E.D. Tenn. 2002).

orders and to hear and determine the Motion for Sanctions filed by Jill St. John on

November 8, 2016.

## I. Statutory Framework

Subsection (b) of § 1208 of the Bankruptcy Code provides that the court shall

dismiss a previously unconverted chapter 12 case at the request of the debtor:

> On request of the debtor at any time, if the case has not been con-
> verted under section 706 or 1112 of this title, the court shall dismiss a
> case under this chapter. Any waiver of the right to dismiss under this
> subsection is unenforceable.

Subsection (d) of § 1208, on the other hand, affords the court discretion to dismiss or

convert a chapter 12 case, after notice and a hearing, upon a showing of fraud by the

debtor:

> On request of a party in interest, and after notice and a hearing, the
> court may dismiss a case under this chapter or convert a case under this
> chapter to a case under chapter 7 of this title upon a showing that the
> debtor has committed fraud in connection with the case.

There is one other provision that is relevant to the resolution of the legal dispute pre-

sented. Section 105(a) of the Code states:

> The court may issue any order, process, or judgment that is neces-
> sary or appropriate to carry out the provisions of this title. No provision of
> this title providing for the raising of an issue by a party in interest shall be
> construed to preclude the court from, sua sponte, taking any action or
> making any determination necessary or appropriate to enforce or imple-
> ment court orders or rules, or to prevent an abuse of process.

Ms. St. John and the chapter 12 trustee argue that the quoted subsections of

§ 1208 conflict. They contend that, to give full effect to all provisions of § 1208, subsec-

tion (d) should prevail over or be construed to qualify subsection (b) and the case

should be converted to chapter 7. Ms. St. John's motion to convert alleges various

instances of fraud in connection with the case, including substantial prepetition transfers
for no consideration, failure to disclose the transfers in the debtor's schedules, conceal-
ment of asset sales, and dissipation of property of the estate. Conversely, the debtor
contends that, as this case has not been converted under § 706 or § 1112 of the Bank-
ruptcy Code and because he has requested dismissal, the court is required to dismiss
his chapter 12 case. In other words, the debtor contends that, even assuming he is
found to have committed fraud in connection with the case and, therefore, § 1208(d)
allows the court to convert the case to chapter 7, § 1208(b) accords the debtor an
absolute right to dismiss his previously unconverted case.

## II. Legal Analysis

*a. Section 1208(b) plainly accords the debtor an absolute right
to dismiss a case that has not been previously converted.*

The Eighth Circuit has held that a bankruptcy court may convert a chapter 12
case to one under chapter 7 pursuant to § 1208(d) based on a family farmer's fraud,
even though the debtor sought to voluntarily dismiss the case prior to conversion.
*Graven v. Fink (In re Graven)*, 936 F.2d 378 (8th Cir. 1991). Similarly, relying on
§§ 1307(b) and (c) – the provisions of chapter 13 analogous to §§ 1208(b) and (d) – the
Fifth, Ninth, and Eighth Circuits have likewise held that a debtor's seemingly absolute
right to dismiss a previously unconverted chapter 13 case is qualified by a requirement
of good faith by the debtor. *Jacobsen v. Moser (In re Jacobsen)*, 609 F.3d 647 (5th Cir.
2010); *Rosson v. Fitzgeral (In re Rosson)*, 545 F.3d 764 (9th Cir. 2008); *Molitor v.
Eidson (In re Molitor)*, 76 F.3d 218 (8th Cir. 1996). These courts, noting that "the
purpose of the bankruptcy code is to afford the honest but unfortunate debtor a fresh

start, not to shield those who avoid the bankruptcy process in order to avoid paying their debts," *Molitor,* 716 F.3d at 220, held that bankruptcy courts may, in the exercise of their inherent powers or the authority afforded by § 105(a), qualify a debtor's right to dismiss a previously unconverted case afforded by § 1208(b) or 1307(b) in order to police abuse or fraudulent conduct. They further reasoned that, if the debtor's right to dismiss were not qualified by § 1307(c) or 1208(d), these sections would be "a dead letter and open up the bankruptcy courts to a myriad of potential abuses." *Id.* Ignoring the plain text of the governing statutes, these courts based their decisions on policy grounds and the perceived incompatibility of the applicable subsections of § 1208 or 1307.

In the chapter 13 context, the Sixth Circuit has expressly recognized that "[a] debtor . . . has an absolute right to dismiss a case which was originally filed under Chapter 13 at any time. 11 U.S.C. § 1307(b)." *Liberty Nat'l Bank & Trust Co. V. Burba (In re Burba)*, 42 F.3d 1388 (6th Cir. 1994) (unpublished table decision), *available at* 1994 WL 709314, at *10. In *Burba*, the Sixth Circuit was not required to address the intersection of competing motions under §§ 1307(b) and (c). However, almost twenty years ago this court rejected the arguments relied on by the Fifth, Eighth, and Ninth Circuits, reasoning that (i) the text of § 1307(b) affords the debtor an unqualified right to dismiss a previously unconverted chapter 13 case, and (ii) courts lack inherent or equi-table authority to craft an extra-statutory exception to the mandatory dismissal pre-scribed by 1307(b). *In re Patton*, 209 B.R. 98 (Bankr. E.D. Tenn. 1997). The Second Circuit followed and expanded upon *Patton*'s reasoning in *Barbieri v. RAJ Acquisition Corp. (In re Barbieri)*, 199 F.3d 616 (2d Cir. 1999).

Focusing on the text of the statute, both courts noted the difference between

§ 1307(b)'s use of the word "shall" and § 1307(c)'s use of the word "may."[2] As the

Second Circuit explained at length:

> Section 1307(b) unambiguously requires that if a debtor "at any time" moves to dismiss a case that has not previously been converted, the court "shall" dismiss the action. The term "shall," as the Supreme Court has reminded us, generally is mandatory and leaves no room for the exercise of discretion by the trial court. *See Anderson v. Yungkau*, 329 U.S. 482, 485, 67 S.Ct. 428, 91 L.Ed. 436 (1947) (analyzing the language of Fed.R.Civ.P. 25(a), and noting that "[t]he word 'shall' is ordinarily the language of command" (internal quotation marks omitted)). The only limitation of the right to dismiss is stated in § 1307(b) itself, which provides for dismissal "if the case has not been converted under section 706, 1112, or 1208 of this title" (emphasis supplied).

> The mandatory nature of § 1307(b) becomes even clearer when the language of that provision is compared with the permissive language of § 1307(c). As the Supreme Court has observed, "[i]t is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another." *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 537, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994) (internal quotation marks omitted). "[W]hen the same [provision] uses both 'may' and 'shall,' the normal inference is that each is used in its usual sense—the one act being permissive, the other mandatory." *Anderson*, 329 U.S. at 485, 67 S.Ct. 428. For these reasons, we conclude that § 1307(b) gives a debtor an absolute right to dismiss a Chapter 13 petition, subject only to the limitation set forth in that section—namely, that the case must not have "been converted under section 706, 1112, or 1208 of this title."

> This conclusion reflects the intention of Congress to create an entirely voluntary chapter of the Bankruptcy Code. Congress has provided for another procedure by which a creditor may force an unwilling debtor into a Chapter 7 liquidation: an involuntary petition under 11 U.S.C. § 303. To force a debtor into bankruptcy under § 303, however, creditors must comply with a number of requirements beyond simply showing cause. Thus,

---

[2]  Section 1307(c) authorizes involuntary conversion of a chapter 13 case for "cause," while § 1208(d) is more limited, requiring a showing of "fraud in connection with the case."

> "[t]o allow a creditor to convert a Chapter 13 case to a Chap-
> ter 7 liquidation notwithstanding a pending motion to dismiss
> filed by the debtor would permit the creditor to effectuate an
> involuntary petition without the need to satisfy the requisites
> of § 303.... Such a result flies in the face of the voluntary
> nature of [Chapter 13] and circumvents the standards for an
> involuntary liquidation set forth in § 303." *In re Patton*, 209
> B.R. 98, 102-103 (Bankr.E.D.Tenn.1997).

*Barbieri*, 199 F.3d at 619-20 (additional citations omitted).

The reasoning of *Patton* and *Barbieri* apply with equal force in this chapter 12

case because the relevant language of § 1208(b) is identical to that of § 1307(b). While

the court *must* dismiss a case "[o]n request of the debtor at any time" (unless the case

was previously converted), the court "may" convert a case under the conditions speci-

fied in §1208(d) and § 1307(c). Further, like chapter 13, an involuntary chapter 12 case

may not be commenced against a family farmer. 11 U.S.C. § 303(a) ("An involuntary

case may be commenced only under chapter 7 or 11 of this title.") In fact, Congress

afforded family farmers heightened protections against involuntary bankruptcy relief.

While an individual that would otherwise qualify as a chapter 13 debtor under § 109(e)

of the Bankruptcy Code may be forced into an involuntary case under chapter 7 or 11,

there is a specific exception for family farmers, against whom even an involuntary

chapter 7 or 11 case may not be commenced. *Id.* In fact, absent the debtor's consent or

at his request, bankruptcy courts are precluded from converting a voluntary chapter 7 or

chapter 11 case to a chapter 12 case. *Id.* §§ 706(c), 1112(d).

This court and the Second Circuit correctly rejected the Fifth, Eighth, and Ninth

Circuits' concern that to construe §§ 1208(b) and 1307(b) to afford the debtor an abso-

lute right to dismiss a previously unconverted case would render §§1208(d) or 1307(c) a

"dead letter." This court stated:

> In the event of competing motions filed under subsections (b) and (c) [of
> § 1307], one subsection will inevitably prevail at the expense of rendering
> the other subsection a nullity. If the court exercises its discretion to grant
> the creditor's motion to convert, then subsection (b) is rendered a nullity
> because the court cannot grant the debtor's motion to dismiss even
> though subsection (b) requires the court to do so. On the other hand, if the
> court must grant the debtor's motion to dismiss, then subsection (c) is
> rendered a nullity because the court does not possess the option to
> convert the case for cause even though subsection (c) unambiguously
> establishes such option. The language that comprises subsections (b) and
> (c) is not ambiguous, but it is inconsistent within the context of competing
> motions under the two subsections.

*Patton*, 209 B.R. at 100-01. Judge Stair then analyzed the plain meaning of the statute

and its legislative history and purposes in concluding that "Congress intended to provide

Chapter 13 debtors with an absolute right to dismiss their case notwithstanding a com-

peting motion to convert." *Id.* at 102. The court went on to recognize that –

> such a holding renders § 1307(c) nugatory under the circumstances.
> However, given that competing motions to dismiss and convert unavoid-
> ably lead to such a result, the court is satisfied that the plain language of
> the statute, the legislative history, and the objectives and policies underly-
> ing the Bankruptcy Code persuasively establish Congress' intent that a
> debtor's right of dismissal trumps a creditor's right to convert under such
> circumstances.

*Id.* "Accordingly, the assertion that an absolute right under § 1307(b) would nullify

§ 1307(c) 'carries no weight since either party could make the same argument.'"

*Barbieri*, 199 F.3d at 620 (quoting *Patton*, 209 B.R. at 104).

That the outcome of a motion to convert under § 1208(d) will depend on whether

the debtor requests dismissal of his case under § 1208(b) does not render the statute

internally inconsistent. A motion under either subsection could be granted without any

-8-

reference to the other subsection in the absence of a competing motion, because the

provisions are not textually in conflict. A debtor could, for example, contest a motion to

convert, wishing to continue to enjoy the protections and benefits afforded a chapter 12

debtor, rather than voluntarily dismiss his case and thereby forgo those protections and

benefits. Subsection (b) would then have no impact on the court's analysis. Likewise,

there is no ambiguity in the statute because, while the debtor has a right to dismiss, the

creditor does not have a right to convert. The fact that § 1208(d) does not control the

disposition of the case in all factual situations does not create either ambiguity or incon-

sistency in the statute.

The Federal Rules of Bankruptcy Procedure lend credence to this court's

conclusion that the right of a debtor to dismiss under § 1208(b) is not qualified by the

presence of good faith or the absence of fraud. Rule 1017(a), relating to dismissal,

provides, in pertinent part:

> Except as provided in §§ 707(a)(3), 707(b), *1208(b), and 1307(b)* of the
> Code, . . . a case shall not be dismissed on motion of the petitioner, for
> want of prosecution or other cause, or by consent of the parties, before a
> hearing on notice as provided in Rule 2002.

Fed. R. Bankr. P. 1017(a) (emphasis added). Thus, generally a court may not dismiss a

case without conducting a hearing on notice. However, voluntary dismissal under

§ 1208(b) or § 1307(b) is specifically excepted from the notice and hearing require-

ments, thereby suggesting that the debtor's right to dismiss a chapter 12 and 13 case is

absolute.

*b. The scant legislative history of § 1208 cannot*
   *override the plain meaning of the statute.*

In *Graven*, the Eighth Circuit relied in part on the legislative history of § 1208 in

holding that § 1208(b) is qualified by the presence of fraud. This court finds that reliance

unpersuasive. First, as noted above, the text of § 1208(b) is clear, and the courts "do

not resort to legislative history to cloud a statutory text that is clear." *Ratzlaf v. United*

*States*, 510 U.S. 135, 147-48 (1994). Second, even if the language of the statute is con-

sidered ambiguous rendering resort to the legislative history appropriate, the legislative

history of § 1208, which is "scant,"  *Graven*, 936 F.2d at 385, is not useful to resolve the

legal issue presented by this case.

The Congressional Record includes the following statement by Senator Grassley:

"If fraud is found, the case will be dismissed or converted to chapter 7. This encourages

good faith, [sic] and honest dealing by the debtor throughout the case." 132 Cong. Rec.

S15076 (1986). The Eighth Circuit relied on this quote when it concluded "that the broad

purpose of the bankruptcy code, including Chapter 12, is best served by interpreting

section 1208(d) to allow a court to convert a case to Chapter 7 upon a showing of fraud

even though the debtor has moved for dismissal under subsection (b)." *Graven,* 936

F.2d at 385. However, the quoted history says nothing regarding the chapter 12 debtor's

right to dismiss. Rather, Senator Grassley's statement appears to relate solely to the

discretion afforded the court in § 1208(d) to either convert or dismiss upon a showing of

fraud. It does not consider the intersection of subsections (b) and (d) of § 1208 when

competing motions are filed.

As previously stated, §§ 1208(b) and 1307(b) are identical in all material re-
spects. Section 1208(b) was enacted in 1986. Section 1307(b) was enacted in 1978. As
Congress clearly chose to model § 1208(b) on § 1307(b), the legislative history of
§ 1307(b) does provide insight on the proper construction of its counterpart in chapter
12 of the Bankruptcy Code. The Senate Report states, in relevant part, that § 1307(b)
"confirm[s], without qualification, the rights of a chapter 13 debtor to. . . have the chapter
13 case dismissed. Waiver of any such right is unenforceable." S. Rep. No. 95-989, at
141 (1978). The House Report states that "[s]ubsection (b) requires the court, on
request of the debtor, to dismiss the case if the case has not already been converted
from chapter 7 or 11." H.R. Rep. No. 95-595, at 428 (1978). The legislative history of §
1307 thus makes clear that Congress intended subsection (b) to provide a chapter 13
debtor with an absolute, unqualified right to dismiss his case if it was not previously
converted from another chapter. *Patton*, 209 B.R. at 101 ("Nothing in the legislative
history indicates that the court may exercise discretion when considering a debtor's
motion to dismiss."). As § 1208(b) is identical in all relevant respects to § 1307(b), it
may be presumed that Congress also intended § 1208(b) to afford the chapter 12
debtor an absolute right to dismiss his case if it was not previously converted from
chapter 7 or chapter 11.

*c. The court's inherent equitable power cannot
   override the plain meaning of the statute.*

This court and the Second Circuit likewise easily dispensed with the Fifth, Eighth,
and Ninth Circuits' reliance on a court's inherent power or the perceived authority afford-
ed by § 105(a) to contradict the plain meaning of § 1208(b) and impose a qualification

on a debtor's right to dismiss in order to police abuse or fraud. "The equitable powers emanating from § 105(a) . . . are not a license for a court to disregard the clear language and meaning of the bankruptcy statutes and rules." *Barbieri*, 199 F.3d at 621 (quoting *Official Comm. of Equity Sec. Holders v. Mabey*, 832 F.2d 299, 302 (4th Cir. 1987)). The court's "concerns about abuse of the bankruptcy system do not license us to redraft the statute." *Id.*

Any abuse of the system may be policed without depriving the debtor of the right to dismiss:

> Moreover, there are several provisions in the Bankruptcy Code that specifically authorize court action to prevent abuse. For example, notwithstanding a debtor's voluntary dismissal of a Chapter 13 petition, the Bankruptcy Court has the power, in appropriate cases, to impose sanctions. In addition, under 11 U.S.C. §§ 349(b) and 362(c), a voluntary dismissal results in the debtor forfeiting the protections afforded by the automatic stay. Thus, by voluntarily dismissing a Chapter 13 petition, the debtor "indicates that he is prepared to limit his rights and remedies to those available in state court. Creditors will be free to pursue any cause of action they might have had under the Bankruptcy Code in state forums immediately upon dismissal of these proceedings for [the] reason that the automatic stay no longer remains in effect."

*Id.* In Judge Stair's words: "The dishonest debtor is amply punished through the dismissal of the case, which leaves the debtor vulnerable to the full extent of a creditor's rights under state law." *Patton*, 209 B.R. at 104. In addition to the debtor losing the protections of the automatic stay as a result of the dismissal of the case, when faced with a debtor's misconduct the bankruptcy court may dismiss a case with prejudice, 11 U.S.C. § 349, impose sanctions, Fed. R. Bankr. P. 9011, and continue to retain jurisdiction over the case in order to enforce the court's prior orders, 11 U.S.C. § 105(a). Further, a debtor who acts fraudulently in connection with a bankruptcy case may also face criminal

prosecution. 18 U.S.C. §§ 152-157. In this case, any misconduct by the debtor is pun-

ished by the dismissal of his case with a four-year bar to refiling. In addition, the court is

retaining jurisdiction necessary to enforce its prior orders, including its order holding the

debtor in contempt for failure to participate at the meeting of creditors.

*d. The Supreme Court's* Marrama *decision*
   *has no bearing on the issue before the court.*

Many courts considering the issue presented by this case since 2007, including

the Fifth and Ninth Circuits in *Jacobsen* and *Rosson*, respectively, have relied on the

Supreme Court's decision in *Marrama v. Citizens Bank*, 549 U.S. 365 (2007), for the

proposition that bankruptcy courts have broad authority to prohibit a debtor acting in bad

faith from voluntarily dismissing a case. However, *Marrama* did not hold that a chapter

13 or chapter 12 debtor does not have a right to dismiss. Rather, it held that a *chapter 7*

*debtor* who engages in bad faith does not have a right to *convert* the case to chapter 13

because his bad faith conduct renders him ineligible to be a chapter 13 debtor. The

Court reasoned that, under 11 U.S.C. § 706(d), a chapter 7 debtor may convert the

case to another chapter only if the debtor may be a debtor under that chapter. *Id.* at

372-73. Since the chapter 13 case of a debtor who engages in bad faith is subject to

dismissal or conversion pursuant to § 1307(c), the Court reasoned that the conversion

or dismissal of the chapter 13 due to the debtor's misconduct "is tantamount to a ruling

that the individual does not qualify as a debtor under Chapter 13." *Id.* at 373-74. The

Court invoked § 105(a) and the inherent powers afforded federal courts to sanction bad

faith and abuse merely to deny the motion to convert immediately rather than grant the

motion to convert only to have the subsequent chapter 13 dismissed or converted back
to chapter 7 due to the debtor's bad faith actions. Specifically, the Court wrote:

> [T]he broad authority granted to bankruptcy judges to take any action that
> is necessary or appropriate "to prevent an abuse of process" . . . is surely
> adequate to authorize an immediate denial of a motion to convert filed
> under § 706 in lieu of a conversion order that merely postpones the allow-
> ance of equivalent relief and may provide a debtor with an opportunity to
> take action prejudicial to creditors.

*Id.* at 375 (footnotes omitted). In other words, conversion from chapter 7 to 13 need not
be permitted if the chapter 13 case would be subject to immediate dismissal or recon-
version for bad faith. The court can make the "bad faith" decision at the initial "conver-
sion" stage.

The Fifth and Ninth Circuits' reliance on *Marrama* to deny a chapter 13 debtor's
motion to dismiss is premised on a flawed interpretation of that decision and an overly
expansive construction of the authority granted by § 105(a).[3] In *Jacobsen* and *Rosson*,
the court relied heavily on the concept of a bad faith exception to voluntary dismissal
under § 1307(b), without explaining why such an exception should apply in the absence
of the eligibility requirement of § 706(d) or any other corresponding statutory qualifi-
cation to the debtor's right to dismissal under § 1208(b) or § 1307(b). They do not ad-
dress, in other words, why *Marrama*'s holding that conversion may be denied when the
converted case would be subject to dismissal for bad faith should be expanded to pro-
hibit voluntary dismissal.

---

[3]  For an excellent discussion of the split of authority on this issue and the impact
of the Supreme Court's decisions in *Marrama* and  *Law v. Siegel*, 134 S. Ct. 1188
(2014)*,* on this split, *see* Daniel J. Sheffner, *The Chapter 13 Debtor's Absolute Right to
Dismiss*, 63 CLEV. ST. L. REV. 833 (2015) *available at*
http://engagedscholarship.csuohio.edu/clevstlrev/vol63/iss4/8.

In *In re Williams*, Judge Wedoff took a more carefully-reasoned approach, explaining that the Supreme Court's reliance on § 105(a) was a narrow one:

> In *Marrama*, the Supreme Court said that § 105(a) was "adequate to authorize an immediate denial of a motion to convert filed under § 706 in lieu of a conversion order that merely postpones the allowance of equivalent relief." This observation simply reflects the Court's holding, discussed above, that Chapter 7 debtors who have engaged in bad faith are ineligible for Chapter 13 relief, and so under § 706(d) those debtors have no right to convert their cases to Chapter 13. The Court invoked § 105(a) as a vehicle to implement § 706(d) and avoid the "procedural anomaly" of permitting Chapter 7 debtors to convert their cases to a chapter for which they were ineligible. Section 706(d)—not § 105(a)—was the source of the eligibility requirement for conversion.

*In re Williams*, 435 B.R. 552, 560 (Bankr. N.D. Ill. 2010). While 11 U.S.C. §§ 706(d), 1112(f), 1208(e), and 1307(g) all prohibit conversion if the debtor is not eligible to proceed under the new chapter, no such limitation applies to dismissal under § 1208(b) or § 1307(b). *Id.* at 557-58. "Without a separate statutory provision limiting § 1307(b) in the same way that § 706(d) limits § 706(a), the right that § 1307(b) accords debtors to obtain dismissal of unconverted cases cannot be limited." *Id.* at 558. *Marrama* thus has no application when the debtor seeks to dismiss his case.

> e. *Any such expansive reading of* Marrama *has been implicitly overturned by* Law v. Siegel.

The Supreme Court has since rejected the expansive application of a federal court's inherent powers or the authority provided by § 105(a) employed in *Jacobsen* and *Rosson*, cautioning that, "in exercising those statutory and inherent powers, a bankruptcy court may not contravene specific statutory provisions." *Law v. Siegel*, 134 S. Ct. 1188, 1194 (2014); *accord*, *Ellmann v. Baker (In re Baker)*, 791 F.3d 677 (6th Cir. 2015). At issue in *Law* was whether the debtor's property exemptions could be used to

pay administrative expenses due to the debtor's bad faith. *Id.* at 1192. Section 522(k)

generally prohibits surcharging the debtor's exemptions and creates two exceptions,

neither of which were applicable in the case. The trustee, relying on *Marrama*, argued

that, pursuant to § 105 and the bankruptcy court's inherent authority to prevent abuse of

process, a bad faith exception should be read into § 522(k). The Court disagreed:

> It is hornbook law that § 105(a) "does not allow the bankruptcy court to
> override explicit mandates of other sections of the Bankruptcy Code."
> Section 105(a) confers authority to "carry out" the provisions of the Code,
> but it is quite impossible to do that by taking action that the Code prohibits.
> That is simply an application of the axiom that a statute's general permis-
> sion to take actions of a certain type must yield to a specific prohibition
> found elsewhere. Courts' inherent sanctioning powers are likewise subor-
> dinate to valid statutory directives and prohibitions. We have long held that
> "whatever equitable powers remain in the bankruptcy courts must and can
> only be exercised within the confines of" the Bankruptcy Code.

*Id.* (citations omitted).

The Court addressed *Marrama* directly, stating that *Marrama* "did not endorse,

even in dictum, the view that equitable considerations permit a bankruptcy court to con-

travene express provisions of the Code." *Id.* at 1197. The Court distinguished between

applying a statutory exception like that of § 706(d) and reading a bad faith exception

into an otherwise mandatory provision. *Id.* This court will not expand *Marrama*'s "abuse

of process" language to eliminate the unqualified right explicitly granted to a chapter 12

debtor to dismiss his previously unconverted case. As stated above, there are other

remedies to address a debtor's abuse of the bankruptcy system.

### III. Conclusion

For the foregoing reasons, the court will enter an order granting the debtor's motion to dismiss this case, and denying or overruling all other motions and matters pending before the court as moot, except for the Motion for Sanctions filed by Jill St. John on November 8, 2016. Pursuant to 11 U.S.C. §§ 105 and 349, and with the consent of the debtor, the debtor will be barred from refiling a petition under any chapter of the Bankruptcy Code for four years after the dismissal of this case.

# # #